UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| HOPE SHERBURNE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) Civil Action No. 12-11445-LTS<br>MICHAEL BENNETT, et al., )<br>)<br>Defendants. )<br>) | |

MEMORANDUM AND ORDER

October 31, 2012

SOROKIN, M.J.

I.   INTRODUCTION

Pro se plaintiff Hope Sherburne brings this action against Michael Bennett and others for invasion of privacy, harassment, stalking, and other misconduct. The plaintiff also seeks leave to proceed in forma pauperis. For the reasons stated below, the Court allows the plaintiff to proceed in forma pauperis and directs her to show cause, by filing an amended complaint, why this action should not be dismissed.

II.   BACKGROUND

Sherburne has filed a complaint and other documents in which she claims that Bennett other individuals are harassing her. Her allegations are not coherent, but the Court highlights some of the themes of the allegations. In the original complaint (Docket #1), she alleges that Bennett and others have, without her consent, stalked her "with and of a sexual nature," stalked her via the internet, recorded her practicing ballet, attempted to "economically murder" her,

distributed "illegal pornography footage" of her, drugged her without her consent, stalked her with "[l]oud protruding electronic beeps," and "referr[ed] to [her] as a slave in regards to a cyber illegal pornography contract ion [sic]." Compl. at 1-2.  She states that she is seeking a "license reinstatement" and other specified relief.  Id. at 2.  In the amended complaint (Docket #6), Sherburne complains of Bennett "rap[ing] [her] with the footage of psychological perverted sexual abuse while defaming me in regards to, mentally and morally to the justice system and authorities in an attempt to extort me and my son." Amend. Compl. at 1.  She alleges that Bennett has a "slave contract" with her "for sex and extortion purposes" and that he has taped her practicing ballet "via cyber technology in order to make illegal pornography against my will." Id. Three later-filed motions (Docket ## 8, 9, 10) contain similar allegations and also reference other forms of harassment.

III.   DISCUSSION

    A.   Motion for Leave to Proceed In Forma Pauperis

Upon review of the plaintiff's motion for leave to proceed in forma pauperis, the Court concludes that the plaintiff lacks fund to prepay the filing fee.  The Court therefore grants the motion.

    B.   Screening of the Complaint

Where, as here, a plaintiff is allowed to proceed without prepayment of the filing fee, summons do not issue until the Court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915.  This statute authorizes federal courts to dismiss a complaint sua sponte if the claims therein are frivolous, malicious, fail to state a claim on which

relief may be granted, or seek monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).  In conducting this review, the Court liberally construes the complaint because the plaintiff is proceeding pro se.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

At a minimum, to state a claim for relief a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Calvi v. Knox County, 470 F.3d 422, 430 (1st Cir. 2006) (quoting Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 66 (1st Cir. 2004)).  This means that the statement of the claim must "at least set forth minimal facts as to who did what to whom, when, where, and why."  Id. (quoting Educadores, 367 F.3d at 68).  Although the requirements of Rule 8(a)(2) are minimal, "minimal requirements are not tantamount to nonexistent requirements."  Id. (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)).

Here, the complaint is subject to dismissal because Sherburne has not set forth a short and plain statement of her claim.  As a threshold matter, her allegations are spread throughout various documents instead of in a single pleading.  However, even considering the documents collectively or separately, the allegations are not coherent.  While certain phrases and themes can be discerned, the allegations fall far short of giving any defendant clear notice of who did what to whom, when, where.  The pleadings also do not contain any indication of the causes of action the plaintiff seeks to bring.  In short, the pleadings are virtually incomprehensible, and a defendant could not provide a meaningful response to the allegations.

      C.    <u>Filing of an Amended Complaint</u>

If the plaintiff would like to pursue this action, she must file an amended complaint that cures the above-discussed pleading deficiencies. As an amended complaint completely supercedes the original complaint, see <u>Ramallo Bros. Printing, Inc. v. El Dia, Inc.</u>, 490 F.3d 86, 88 n.2 (1st Cir. 2007), the plaintiff should repeat in the amended complaint any allegations in the original complaint underlying the claims in the amended complaint. In addition to the pleading requirements of Fed. R. Civ. P. 8(a), the amended complaint should comply with other provisions of the Federal Rules of Civil Procedure. Under Fed. R. Civ. P. 10, "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). The claims in a complaint must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Further, where a plaintiff brings claims against more than one defendant in a single lawsuit, the claims must be limited to those "arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A).

IV.    CONCLUSION

    Accordingly:

    1.    The motion to proceed <u>in forma pauperis</u> (Docket #2) is ALLOWED.

    2.    If the plaintiff would like to proceed with this action, she must, within thirty-five (35) days of the date of this memorandum and order, show good cause–by filing an amended complaint–why this action should not be dismissed for the reasons state above. Failure to comply with this direction may result in dismissal of the action.

    3.    The motions for miscellaneous relief (Docket ## 8, 9, 10) are DENIED as moot.

SO ORDERED.

                                                /s/ Leo T. Sorokin
                                               UNITED STATES MAGISTRATE JUDGE